IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Darrell L. Goss, | ) | Civil Action No. 2:18-2124-BHH |
| Plaintiff, | ) | |
| v. | ) | |
| Bryan P. Stirling; Charles Williams; Joel Anderson; Aaron Joyner; Michael Stephen; Scott Lewis; Willie Davis; Richard Cothran; Levern Cohen; Donnie E. Stonebreaker; Terrie Wallace; Gary Lane; John Pate; Patricia Yeldell | ) | **ORDER** |
| Defendants. | ) | |

This matter is before the Court upon Plaintiff's pro se complaint filed pursuant to 42 U.S.C. § 1983. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2)(e), D.S.C., the matter was referred to a United States Magistrate Judge for preliminary determinations. On February 22, 2019, United States Magistrate Judge Mary Gordon Baker issued a Report and Recommendation ("Report") examining and ultimately recommending that the Court deny Plaintiff's motion for a temporary restraining order, or in the alternative, for a preliminary injunction. Attached to the Report was a notice advising Plaintiff of the right to file objections to the Report within fourteen days of receiving a copy. Plaintiff did not file objections, and Defendants filed a reply on March 6, 2019, offering no opposition to the Magistrate Judge's Report.

In her Report, the Magistrate Judge determined that Plaintiff failed to establish the elements necessary to obtain a temporary restraining order or preliminary injunction. The Magistrate Judge found that Plaintiff failed to show: (1) that he is likely to succeed on the

merits; (2) that he is likely to suffer irreparable harm in the absence of relief; (3) that the balance of the equities weighs in his favor; or (4) that an injunction is in the public interest. *See Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008).

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of specific objections, the Court reviews the matter only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

Here, because no objections were filed, the Court has reviewed the record, the applicable law, and the findings of the Magistrate Judge for clear error. After review, the Court finds no clear error and agrees with the Magistrate Judge that Plaintiff will not suffer irreparable harm if his motion is not granted.

Accordingly, the Court hereby adopts the Magistrate Judge's Report (ECF No. 78) and denies Plaintiff's second motion for a temporary restraining order, or in the alternative, for a preliminary injunction (ECF No. 67).

**IT IS SO ORDERED.**

/s/Bruce Howe Hendricks
The Honorable Bruce Howe Hendricks
United States District Judge

April 11, 2019

Charleston, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk**
**United States District Court**
**Post Office Box 835**
**Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).